UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH DE LEON,

    Plaintiff,
v.                              Case No. 8:13-cv-930-T-33TGW

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

**ORDER**

Defendant Ross Dress for Less, Inc. removed this slip-and-fall case on April 12, 2013, asserting that the requirements for this Court's exercise of diversity of citizenship jurisdiction have been satisfied. As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.**    **Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot

proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

In the Notice of Removal, Ross predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Although Ross has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied.[1]  Likewise, the Complaint sheds

---

[1] In the Notice of Removal, Ross specifies that De Leon "is a citizen of Florida and [Ross] is a California Corporation with its principal place of business . . . [in] Pleasanton, CA." (Doc. # 1 at ¶ 11).

2

little light on the amount in controversy.

In her Complaint, De Leon maintains, "This is an action for damages which exceed the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS." (Doc. # 2 at ¶ 1). De Leon asserts that as a result of Ross's alleged negligence, she suffered:

> bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent in nature or continuing and the Plaintiff will suffer the losses in the future. The injury consists in whole or in part of significant and permanent loss of an important bodily function, and a permanent injury within a reasonable degree of medical probability, and/or significant permanent scarring or disfigurement.

(Id. at ¶ 6).

In the Notice of Removal, Ross states in a conclusory manner that "based on the allegations in the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Doc. # 1 at ¶ 10). In an attempt to bolster its deficient jurisdictional showing, Ross indicates: "Most importantly, Plaintiff's counsel refused to execute a proposed joint stipulation on alleged damages and confirmed same via email wherein he advised that his client did not wish him to agree to limiting her damages in any way." (Id.).

3

However, as explained in <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1320 (11th Cir. 2001), a plaintiff's refusal to stipulate that her claims do not exceed $75,000.00 is inadequate to satisfy the removing defendant's burden. That court explained: "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue."

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe v. Michelin N. Am. Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010). Ross falls well short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **REMANDED** to state court. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of April, 2013.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and parties of record