UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH DE LEON,

    Plaintiff,

v.                              CASE NO.: 8:13-cv-930-T-33TGW

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

**ORDER**

Defendant Ross Dress for Less, Inc. removed this case on the basis of diversity jurisdiction. This Court subsequently remanded and Defendant now moves for reconsideration. Upon review of the relevant rules and other governing law, this Court concludes it lacks jurisdiction to reconsider the remand order. Therefore, the remand Order stands and Defendant's Motion for Reconsideration is denied.

**I.**    **Background**

Plaintiff Deborah De Leon filed suit against Defendant on February 11, 2013, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida; service was effectuated on March 14, 2013. (Doc. # 1). On April 12, 2013, Defendant removed the case to this Court on the basis

of diversity jurisdiction. (Id.). The Court, sua sponte, determined it lacked subject matter jurisdiction over the case and remanded the case to state court on April 18, 2013. (Doc. # 7). The Court reasoned that Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold of $75,000. (Id.). On April 24, 2013, Defendant filed a Motion for Reconsideration "in light of newly acquired evidence that the amount in controversy exceeds $75,000.00." (Doc. # 8 at 1).

## II. Legal Standard and Discussion

28 U.S.C. § 1447(c) states, in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Section 1447(d) states "[a]n order remanding a case . . . is not reviewable on appeal or otherwise, except [when] . . . removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

In Gravitt v. Sw. Bell Tel. Co., 430 U.S. 723, 723-724 (1977), the Supreme Court held when a district court remands a case pursuant to § 1447(c), then § 1447(d)

"unmistakably commands that the order remanding the case . . . is not reviewable" by a court of appeal or otherwise.

The Eleventh Circuit has ruled in accordance with <u>Gravitt</u>. For example, in <u>Harris v. Blue Cross/Blue Shield of Ala. Inc.</u>, 951 F.2d 325, 326-327 (11th Cir. 1992), the defendant removed an action from state court in which the plaintiff alleged that the defendant violated the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) in addition to claiming breach of contract and other state law claims. <u>Id.</u> The district court remanded the action to state court for lack of jurisdiction after the single federal claim, asserted pursuant to COBRA, was dropped. <u>Id.</u> The defendant sought reconsideration of the remand order, and the district court granted the motion for reconsideration by reasserting jurisdiction over the case. <u>Id.</u> at 325. Thereafter, the district court entered a summary judgment order against the plaintiff, and plaintiff filed an appeal. <u>Id.</u>

The Eleventh Circuit held, pursuant to § 1447(d), that neither an appellate court nor a district court may review a remand order predicated upon lack of jurisdiction. The court specified: "this court has no jurisdiction to review the remand order. Similarly, the district court had no

3

jurisdiction to review the remand order." Id. at 330. The Eleventh Circuit also indicated that the district court's order on summary judgment was issued in the absence of jurisdiction. Id. The summary judgment order was vacated and the Eleventh Circuit instructed that the case be remanded to the state court. Id.

Likewise, in Bender v. Mazda Motor Corp., 657 F.3d 1200, 1203 (11th Cir. 2011), the court held: "Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." (quoting Harris, 951 F.2d at 330 (internal quotations and citations omitted)). There the Eleventh Circuit characterized as "irrelevant" the inquiry of whether the district court's remand order "was legally erroneous" and explained: "[E]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case. The case has been [remanded] to state court and that is where it will stay." Id. at 1204.

Here, this Court's remand order was based on a failure to meet the amount in controversy requirement – i.e. a lack of subject matter jurisdiction - and thus falls squarely

4

within the ambit of § 1447(d). (Doc. # 7). Therefore, this Court may not review its remand order.

Accordingly it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Reconsideration of Order Remanding Case to State Court (Doc. # 7) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of Record